Case 1:24-cv-05956-NRB Document 64 Filed 10/21/26 Page 1 of 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARE-EAST RIVER SCIENCE PARK, LLC,

Plaintiff,

v.

NEW YORK CITY HEALTH AND HOSPITALS CORPORATION AND NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION,

Defendants.

Civil Action No.: 1:24-cv-05956-NRB

**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. Counsel for any party may designate any document or information, in whole or in part, as highly confidential if counsel determines, in good faith, that such designation is necessary where the information is of such a sensitive, competitive, or proprietary nature that present disclosure to persons other than those identified in paragraph 7 below would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the producing party. Information and documents designated by a party as highly confidential will be stamped "HIGHLY CONFIDENTIAL."

3. Confidential or Highly Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

4. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. The party that designated the information as Confidential or Highly Confidential shall bear the burden of establishing that the designation is proper and that good cause exists for the protection sought. Nothing in this Protective Order constitutes an admission by any party that Confidential or Highly Confidential Information

Case 1:24-cv-05956-NRB Document 64 Filed 10/21/26 Page 2 of 6

disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential or Highly Confidential Information.

5. The requesting party shall not disclose any documents designated as Confidential to any person, except:

a. The requesting party and counsel, including in-house counsel and the party's employees, to the extent such individuals are assigned to and necessary to assist in the litigation or may be called as witnesses in this litigation.

b. Employees and support staff or personnel of such counsel assigned to and necessary to assist in the litigation, including e-discovery vendors or litigation support personnel;

c. The author, addressee, or other lawful recipient of the document (not through discovery in this action) as indicated by the document or its source; and

d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. In addition to the persons identified in paragraph 5 above, counsel may also disclose documents designated as Confidential to potential fact witnesses, potential expert witnesses, and other consultants or experts, including graphics consultants, jury consultants, etc., assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel.

7. The requesting party shall not disclose documents designated as Highly Confidential to any person, except:

a. The undersigned counsel, and employees and support staff or personnel of such counsel assigned to and necessary to assist in the litigation, including e-discovery vendors or litigation support personnel;

b. The author, addressee, or other lawful recipient of the document (not through discovery in this action) as indicated by the document or its source;

c. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

d. Testifying experts or consultants the requesting party engaged in connection with this litigation pursuant to Rule 26(a)(2); and

e. Client representatives designated to review Highly Confidential material. ARE-East River Science Park, LLC designates Richard Suarez; New York City Economic Development Corporation designates Deborah Bindler and John Raymond; and New York City Health and Hospitals Corporation designates Jeremy Berman and Anniqua Brown. Each party reserves the right to object, when producing Highly Confidential material, to a particular

Case 1:24-cv-05956-NRB Document 64 Filed 10/21/26 Page 3 of 6

client representative designee's ability to review a particular Highly Confidential document or documents. Such objection shall be provided in writing, specifying the document by Bates number, the designee or designees objected to, and basis for the objection. The parties shall meet and confer in good faith and, to give the objecting party an opportunity to make a motion for a protective order, the receiving party shall not disclose the relevant document(s) to the relevant designee for at least 30 days from the date of production. Neither party shall withhold, delay, or condition production based on objections regarding client representatives designated to review Highly Confidential material.

8. Prior to disclosing or displaying the Confidential or Highly Confidential Information to any person pursuant to paragraphs 5-7 above, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

9. The disclosure of a document or information without designating it as Confidential or Highly Confidential shall not constitute a waiver of the right to designate such document or information as Confidential or Highly Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential or Highly Confidential Information subject to all the terms of this Stipulation and Order.

10. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

11. Pursuant to Federal Rule of Evidence 502, the production of documents, communications, electronically stored information ("ESI"), or other materials protected by the attorney-client privilege, the work product protection, or any other privilege or protection, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or

Case 1:24-cv-05956-NRB Document 64 Filed 10/21/26 Page 4 of 6

information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

12. Notwithstanding the designation of information as Confidential or Highly Confidential in discovery, there is no presumption that such information will be sealed by the Court if the documents are filed on the public docket. However, in the event that counsel for any party seeks to file with the Court (i) any deposition transcripts, exhibits, answers to interrogatories, or other documents which have previously been designated as comprising or containing Confidential Information or (ii) any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential or Highly Confidential Information, the filing-party shall follow the Court's procedures for requests for filing under seal until the Court renders any decision on the motion to seal. To the extent the filing party disputes whether the documents or information should be sealed, the filing party must file the documents under seal, note its disagreement in the request for sealing, and the producing party may then submit a letter or motion to support the basis for the continued sealing of the filed material.

13. At the conclusion of litigation, Confidential or Highly Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed.

14. Nothing herein shall preclude the parties from disclosing material designated to be Confidential or Highly Confidential Information if otherwise required by law or pursuant to a valid subpoena.

15. A non-Party producing documents in this litigation may obtain the protections of this Stipulation for its document production by agreeing to be bound by its terms.

16. No confidentiality obligations included in prior agreements between the Parties shall impose obligations upon the parties greater than those included herein. Compliance with this Confidentiality Stipulation and Protective Order in the context of this litigation shall preclude liability under prior agreements between the Parties. **No use shall be made of Confidential or Highly Confidential Information, or any other documents or information exchanged or obtained in this action, by any recipient except in connection with the prosecution, defense, adjudication or private resolution of this Action.**

SO STIPULATED AND AGREED.

Dated: October 21, 2026

| | |
|---|---|
| LOEB & LOEB LLP | STEVEN BANKS, Corporation Counsel for the City of New York |
| By: [signature] | By: *Leslie Spitalnick* |
| Paul M. O'Connor III | Robert Funkhouser |
| Mark P. Ressler | David Angelatos |

Case 1:24-cv-05956-NRB Document 64 Filed 10/21/26 Page 5 of 6

Melissa A. Barahona

345 Park Avenue
New York, New York 10154
Tel.: (212) 407-4000
poconnor@loeb.com
mressler@loeb.com
mbarahona@loeb.com

*Attorneys for Plaintiff ARE-East River Science Park, LLC*

Leslie Spitalnick

100 Church Street
New York, New York 10007
Tel: (212) 356-2489
rfunkhou@law.nyc.gov
dangelat@law.nyc.gov
lspitaln@law.nyc.gov

*Attorneys for Defendants New York City Health and Hospitals Corporation and New York City Economic Development Corporation*

Dated: New York, New York
October 22, 2026

SO ORDERED.

**Exhibit A**

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *ARE-East River Science Park, LLC v. New York City Health and Hospitals Corporation and New York City Economic Development Corporation*, 24-cv-05956 (NRB) have been designated as confidential or highly confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are subject to the annexed Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

________________________________

Signed in the presence of:

________________________________

(Attorney)